LEVY DAVIS & MAHER, LLP
Jonathan A. Bernstein (JB 4653)
Attorneys for Plaintiff
880 Third Avenue
New York, New York 10022
(212) 371-0033

**JUDGE McMahon**

**05 CV 4871**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------x
WILLIAM TORRES,

                Plaintiff,      05 Civ.

    - against -              **COMPLAINT AND DEMAND**
                                       **FOR JURY TRIAL**
WEST SIDE RADIOLOGY ASSOCIATES, P.C.

                Defendant.
---------------------------------------x

Plaintiff William Torres ("Torres"), by his attorneys, Levy Davis & Maher, LLP, complaining of defendant West Side Radiology Associates, P.C., ("West Side"), alleges:

## NATURE OF THE ACTION

1. This is an action under §§ 102 and 105 of the Family and Medical Leave Act of 1993 ("FMLA") and Title 8 of the Administrative Code of the City of New York ("NYCHRL" or "Administrative Code") to correct unlawful employment practices on the basis of Torres's family and medical leave status and/or disability.

2. Torres was an eligible employee of defendant West Side whose employment was terminated while on an FMLA-protected medical leave of absence for excessive absenteeism and/or because of his disability, the stated reason for termination being excessive absenteeism. Torres's

request for medical leave also constituted a request for a reasonable accommodation of his disability. Defendant's actions were unlawful, and plaintiff brings this action for injunctive and declaratory relief, lost earnings, compensatory damages, punitive damages, liquidated damages, attorneys' fees, and other appropriate equitable and legal relief.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to § 107 of the Family and Medical Leave Act of 1993 (29 U.S.C. § 2617), 28 U.S.C. §1331, Title 8 of the Administrative Code of the City of New York, United Mine Workers v. Gibbs, 383 U.S. 715 (1966) and 28 U.S.C. 1367(a), in that the state and federal claims arise from a common nucleus of operative fact such that they are so related that they form part of the same case or controversy under Article III of the United States Constitution.

4. The employment practices hereafter alleged to be unlawful were committed in the Southern District of New York. Defendant has offices and may be found in the Southern District of New York. Accordingly, venue in this Court is proper pursuant to 28 U.S.C. § 1391(b).

5. Plaintiff has satisfied the filing requirements of Title 8 of the Administrative Code of the City of New York.

## PARTIES

6. At all relevant times, Torres was and still is a natural person residing in the City, County and State of New York.

7. Torres was employed by West Side as a clerk/courier for approximately two years. Torres was an "eligible employee" as that term is defined by 29 U.S.C. § 2611(2)(A) at the time that he was terminated while on an FMLA-protected leave.

8. Upon information and belief, defendant West Side was, at all relevant times, a domestic business corporation with a place of business located in the County, City and State of New York.

9. At all relevant times, West Side was and is an employer within the meaning of 29 U.S.C. § 2611(4)(A)(I). At all relevant times, defendant was and is an "employer" within the meaning of the NYCHRL.

## COUNT I - VIOLATIONS OF THE FAMILY AND MEDICAL LEAVE ACT OF 1993

10. Plaintiff incorporates by reference Paragraphs 1 through 9 of this Complaint as though the same were fully set forth herein.

11. From February 2003 to the time of his termination on or about January 19, 2005, Torres was employed by West Side as a clerk/courier at a facility operated by defendant located at 425 West 59th Street in the County, City and State of New York. Throughout his term of employment with West Side, Torres worked on a full-time Monday-Friday work schedule. At all relevant times, Torres was able to perform the essential functions of his position.

12. On or about January 5, 2005, Mr. Torres (who, at all relevant times, suffered from degenerative disk disease) injured his back, which injury aggravated his underlying chronic serious health condition.

3

13. On Sunday, January 16, 2005, Mr. Torres was treated at and released from the emergency room of St. Luke's-Roosevelt Hospital Center. On that date, the Hospital issued a Return to Work/School Statement certifying that Mr. Torres had been treated and that he had been cleared to return to work on January 19, 2005 (the "Certification").

14. The Attendance Policy set forth in West Side's Employee Handbook at all relevant times required and/or permitted an employee calling in sick to leave word on his/her supervisor's voice mail provided that such messages were left within one hour of the employee's shift.

15. Accordingly, following his release from the hospital, Mr. Torres left a voice mail message for his supervisor, Rosemary Addusti, during the night of January 16-17. Mr. Torres' message was, in substance, that by doctor's orders he would remain out of work until January 19th.

16. West Side was not open for business on Martin Luther King Day, Monday, January 17, 2005.

17. On Tuesday, January 18, Mr. Torres left another voice mail for Ms. Addusti. Ms. Addusti did not return either of Mr. Torres' messages.

18. On January 19, 2005, West Side terminated Torres for excessive absenteeism. The notice of termination issued by Ms. Addusti on that date specifies that Mr. Torres had called in sick on January 18.

19. Mr. Torres told tendered the Certification but was informed that West Side did not permit employees to call in sick on the day following a holiday.

20. Torres's back condition constituted a serious health condition as that term is defined at 29 U.S.C. § 2611(11).

21. West Side violated Section 105(a)(1) of the FMLA (29 U.S.C. § 2615 (a)(1)) by terminating Torres's employment for absenteeism in light of the fact that he had a serious health condition that made him unable to perform the functions of his position.

22. West Side violated Section 105 of the FMLA and Section 825.200 of the United States Department of Labor regulations implementing the FMLA by interfering with Torres's entitlement to and FMLA-protected medical leave of absence, the medical need for which had been certified by Torres's health care provider, and thereafter terminating Torres while he was on an FMLA-protected medical leave of absence.

23. As a result of West Side's unlawful conduct, Torres has suffered grievous, extensive and continuing damages, including but not limited to lost wages, benefits, liquidated damages, attorneys' fees and the costs of this action.

## COUNT II - VIOLATIONS OF THE ADMINISTRATIVE CODE OF THE CITY OF NEW YORK

24. Plaintiff incorporates by reference Paragraphs 1 through 23 of this Complaint as though the same were fully set forth herein.

25. Torres's back condition constituted a disability pursuant to § 8-102(16) of the Administrative Code.

26. At all relevant times, Torres was able to perform the essential functions of his position with or without the provision of a reasonable accommodation.

27. West Side engaged in unlawful practices in violation of Title 8 of the Administrative Code of the City of New York when it failed and refused to allow Torres to take a medical leave of

absence as a reasonable accommodation to his known disability and, thereafter, terminated Torres's employment because of his disability.

28.     As a result of West Side's unlawful conduct, Torres has suffered grievous, extensive and continuing damages, including but not limited to pain and suffering, humiliation, emotional distress, lost wages and benefits and punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Torres respectfully prays that this Court:

A. Declare West Side's conduct complained of herein to be in violation of Torres's rights as secured by the Family and Medical Leave Act of 1993 and the NYCHRL;

B. Grant a permanent injunction enjoining West Side and its owners, officers, management personnel, employees, agents, attorneys, successors and assigns and those acting in concert therewith from any conduct violating Torres's rights as secured by the FMLA and the NYCHRL;

C. Order West Side to make Torres whole by providing him appropriate lost earnings and benefits from January 19, 2005, together with his unpaid wages, with pre-judgment interest, and other affirmative relief including but not limited to reinstatement and/or front pay;

D. Award Torres compensatory damages to be determined at the time of trial by the jury;

E. Award Torres punitive damages to be determined at the time of trial by the jury;

F. Award Torres reasonable attorneys' fees and costs incurred in prosecuting this action;

G. Award Torres liquidated damages as provided in 29 U.S.C. § 2617; and

H. Grant such further relief as the Court deems necessary and proper.

## **JURY TRIAL DEMANDED**

The Plaintiff requests a jury trial on all questions of fact raised by the Complaint.

Dated:  New York, New York
May 19, 2005

                              Respectfully submitted,

                              LEVY DAVIS & MAHER, LLP

By: _____
      Jonathan A. Bernstein (JB 4053)
      Attorneys for Plaintiff
      880 Third Avenue, 9th Fl.
      New York, New York 10022
      Tel: (212) 371-0033