LEVY DAVIS & MAHER, LLP
Jonathan A. Bernstein (JB 4053)
Attorneys for Plaintiff
880 Third Avenue
New York, New York 10022
(212) 371-0033

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
WILLIAM TORRES,                                   :
                                                  :
                          Plaintiff,              :    05 Civ. 4871 (MGC) (FM)
                                                  :
         - against -                              :    **REPLY BRIEF**
                                                  :
WEST SIDE RADIOLOGY ASSOCIATES, P.C.              :
                                                  :
                          Defendant.              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Defendant contends that the evidence it proposes to offer is not unfairly prejudicial. Defendant's contention, even were it correct, would support admission of the challenged evidence only if the evidence were relevant. The challenged evidence is not, however, relevant. Fed. R. Evid. 403, which gives the Court discretion to exclude relevant evidence, does not apply.[1] Irrelevant evidence is not subject to Rule 403 balancing.

Evidence is relevant if it tends to prove or disprove any fact that is of consequence under the substantive law.[2] As is discussed in Plaintiff's Trial Brief, defendant proposes evidence

---

[1] "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury...." Fed. R. Evid. 403. That is, "certain circumstances call for the exclusion of evidence which is of unquestioned relevance." Id. Adv. Comm. Note.

[2] "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. "Evidence which is not relevant is not admissible." Fed. R. Evid. 402.

bearing upon its subjective beliefs and motives, but defendant's beliefs and motives are not relevant under the substantive law.[3]

Moreover, a litigant's offer of irrelevant evidence could have no purpose other than an appeal to the jury to decide the case on improper grounds. It is axiomatic that such evidence would mislead the jury and confuse the issue. It is equally axiomatic that irrelevant evidence is unfairly prejudicial where, as here, since it suggests decision on the basis of the jury's emotions.

### Conclusion

For all of the foregoing reasons, plaintiff respectfully requests that defendant be precluded from offering evidence of plaintiff's absences from work prior to December 7, 2004.

Dated: New York, New York
       July 5, 2006

                                                               Respectfully submitted,

                                                               LEVY DAVIS & MAHER, LLP

                                                          By:  _____/s/_____

                                                                Jonathan A. Bernstein (JB 4053)
                                                               Attorneys for Plaintiff

---

[3] Dicta in <u>Austin v. Haaker</u>, a district court case from Kansas, suggest that evidence like the evidence here at issue could support a defense verdict. 76 F. Supp. 2d 1213, 1220 (D. Kan. 1999). The case is not binding on this court. It should be noted, however, that in that case, the plaintiff advanced a number of non-FMLA claims that required consideration of the challenged evidence. In response to a summary judgment motion, the <u>Austin</u> plaintiff produced no evidence that he had notified the employer of the FMLA-qualifying basis of his absence. Here, in contrast, defendant has not moved for summary judgment, and plaintiff is accordingly not required to lay bare his proofs. Plaintiff will do so at trial.

                                                880 Third Avenue  
                                                New York, New York 10022  
                                                (212) 371-0033

To:    Lloyd M. Eisenberg (LE 5376)  
         Eisenberg & Carton  
         Attorneys for Defendant  
         425 Madison Avenue, 11thFloor  
         New York, New York 10017  
         (212) 753-2424